[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The prospective intervening plaintiff, TS Investments d/b/a Temporary Labor Corporation (hereinafter "TSI") filed a motion to reargue its motion to intervene and to file an intervening complaint. The court had previously denied TSI's motions. The court granted TSI's Motion for Reargument. TSI had filed its initial motion pursuant to § 31-293 of Connecticut General Statutes. That section provides that:
"When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer . . . a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter . . . but the injured employee may proceed at law against such person to recover damages for the injury; and any employer . . . having paid or having become obligated to pay compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee . . . . If the employee . . . brings an action against such person, he shall immediately notify the [employer], in writing, by personal presentation or by registered or certified mail, of the CT Page 4085 action and of the name of the court to which the writ is returnable, and the [employer] may join as part[y] plaintiff in the action within 30 days after . . . notification. . . ."
It is undisputed that TSI has not yet become obligated to pay any benefits to the plaintiff, following the initial denial of the Worker's Compensation claim. At oral argument, counsel for TSI, relying primarily on Szilagyi v. The University Club ofHartford, Superior Court, judicial district of Middletown, Docket No. 95 0470482 S (May 6, 1996, Arena, J.) argued that although at this point TSI had not become obligated to pay Worker's Compensation benefits to the plaintiff, it was entitled to intervene under Connecticut law. TSI's initial motion to intervene failed to reference the receipt date of notification from the plaintiff in the instant matter. Counsel for TSI conceded during oral argument that her records reflect that her client has not yet received the statutory notice from the plaintiff of this case pursuant to § 31-293.
This court (Arena, J.), in the case upon which TSI most heavily relies, Szilagyi v. The University Club of Hartford,
considered the precise issue of whether an employer may intervene when there had been no statutory notice.
 "The employer does not come within the scope or purpose of § 31-293 (a). Further, if the plaintiff was to subsequently sue the third party tortfeasor, the plaintiff must give notice to the defendant employer. At that time, the employer would have a right to intervene under § 31-293
(a), whether it already paid workers' compensation benefits or not."
Id.
Because TSI did not receive statutory notice of the instant case from the plaintiff, this court holds that it does not come within the scope of § 31-293. Therefore, its motion to intervene and to file an intervening complaint is again denied.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT